UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                        Case No. 05-34305-DHW
                                                             Chapter 13
MEDRIDGET SMITH,

  Debtor.

## MEMORANDUM OPINION

Medridget Smith ("Smith" or "debtor") filed the instant chapter 13 case on December 30, 2005. Before the court is her January 26, 2006, motion to extend the automatic stay beyond 30 days following the commencement of the case.

The motion was set for evidentiary hearing on February 6, 2006. Present at the hearing were the debtor and her counsel, Paul D. Esco. Also present was Sabrina McKinney, attorney for the chapter 13 trustee, who opposed extension of the stay.

Factual Findings

The current chapter 13 case is not the only case that Smith has filed in this district within the last year.[1] She filed a prior chapter 13 case (#05-31801) on June 22, 2005 which was dismissed without confirmation on September 16, 2005 for the debtor's failure to begin making payments under the plan.[2]

---

[1] Smith has filed three chapter 13 cases in this district. The first (#95-00133) was filed on January 12, 1995, and dismissed on June 4, 1998, for failure to make plan payments. The second chapter 13 case (#05-31801) is discussed in text infra. The current case (#05-34305) is the debtor's third case.

[2] In chapter 13 cases filed prior to October 17, 2005, the law required a debtor to commence payments within 30 days after the filing of the plan.

Smith filed the instant case on December 30, 2005, just over three months following the dismissal of her prior case. As in the prior case, Smith did not begin timely plan payments to the trustee. Her first payment was not made to the trustee until February 3, 2006.[3]

Smith testified that the current case was filed in good faith. She attributes the dismissal of the prior case to her misunderstanding that her plan payments were not being withheld by her employer and to the fact that she was going through a divorce during this period of time. Further, she contends that she was not aware that plan payments were due within 30 days of filing the plan.

Smith has not scheduled any secured debts in this case. She lists only unsecured debts totaling $45,224.61. At the time Smith filed the prior case, at least one of her creditors had reduced its claim to a judgment and was garnishing her wages. The filing of the prior case automatically stayed the garnishment. Once the case was dismissed, however, the stay terminated by operation of law, and the creditor was free to resume the garnishment.

Other than adjusting to living without her husband's income, there have been no substantial changes in Smith's circumstances since the dismissal of the prior case in September 2005 and the filing of the current case. Indeed, the loss of her husband's income occurred during

---

See 11 U.S.C. § 1326(a)(1). In that case the plan was filed July 13, 2005. Hence, plan payments should have begun on or before August 12, 2005. Payments had not begun by the confirmation hearing held September 12, 2005.

[3] Effective October 17, 2005, 11 U.S.C. § 1326(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. 109-8)("BAPCPA") to require that debtors begin plan payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier. Hence, payments in the current case should have begun on or before January 30, 2006, thirty days after the order for relief.

2

the previous case. Smith testified that she began receiving child support as early as June 2005. The divorce was finalized sometime in October 2005.

## Conclusions of Law

The filing of a bankruptcy petition for relief operates, with certain exceptions, as a stay of any act to recover a claim against the debtor for a debt that arose before the commencement of the case or of taking or continuing actions against property of the estate. See 11 U.S.C. § 362(a). However, the recent BAPCPA amendments to the Bankruptcy Code provide for the termination of the automatic stay in cases involving individual, chapter 13 debtors who are repeat bankruptcy filers. Under new § 362(c)(3)(A), the automatic stay terminates 30 days after filing if the debtor had a prior case dismissed within the preceding 1-year period. The § 362(c)(3) provisions are implicated here because of Smith's prior dismissed chapter 13 case.

The statute provides, however, that on motion by a party in interest, the court may extend the stay beyond the 30-day period if it is demonstrated that the later filing was made in good faith. A hearing on the motion, following notice, must be completed before the expiration of the 30-day period. 11 U.S.C. § 362(c)(3)(B).

Here, the motion to extend the stay was not filed until January 26, 2006, some 27 days after the commencement of the case and 3 days prior to the stay's termination. Although the matter was set for hearing on February 6, 2006, the hearing was not completed prior to the expiration of the 30-day period. Indeed, due to the timing of the filing of the motion, completing the hearing within the 30-day period with meaningful notice to creditors would have been difficult.

Neither the statute nor the implementing rules address the length

3

of the requisite notice or the identity of the parties to be noticed.[4] Neither the statute nor the rules impose a bar date for filing the motion to continue the stay. However, the statute is clear that notice must be given and the hearing on the motion must be completed within the 30-day period.

The instant case presents a close call. If the statute requires notice to all creditors, meaningful notice would have been difficult if not impossible to many creditors who reside out of state. Because this is a close call, the court will in this case afford some latitude to the debtor, especially in light of the newness of the statute. The debtor's motion will not be denied due to timeliness.

Under the statute, there is a presumption of bad faith in certain enumerated situations. 11 U.S.C. § 362(c)(3)(C)(i) and (ii). A presumption of bad faith arises in this case because there is no evidence of any substantial change in Smith's financial or personal affairs since the dismissal of the prior case and the filing of the current case. The presumption of bad faith is, however, rebuttable by clear and convincing evidence to the contrary.

The debtor's poor plan payment history weighs in favor of a finding of bad faith. Smith's prior case was dismissed for failure to begin timely plan payments. Yet, she has again, in the current case, failed to commence plan payments on time. The court finds it difficult to believe that Smith was unaware of the time for commencing payments in this case when her prior case was dismissed on that very ground.

However, this is not a case where the debtor is attempting to shield real or personal property from lien creditors seeking to foreclose or repossess. All of Smith's debts are unsecured ones. The stay prevents the judgment creditor from pursuing collection through

---

[4] Fed. R. Bankr. Proc. 9014 requires that "reasonable notice and opportunity for hearing . . . be afforded the party against whom relief is sought" by motion in a contested matter.

4

garnishment. However, outside of this bankruptcy case, the garnishing creditor would be the first creditor paid leaving all others waiting in line. A chapter 13 case, where all creditors are paid pro rata, ensures that creditors are treated equally. This chapter 13 case therefore benefits all creditors as a group. This consideration more strongly favors a finding of good faith.

## Conclusion

For this reason the court will extend the automatic stay in this case. However, the stay will not be extended unconditionally and without limitation.

A separate order will enter granting the debtor's motion for an extension of the stay. The stay, however, will terminate prospectively and without further order of the court should the debtor fail to make full plan payments each month to the chapter 13 trustee.

Done this the 9th day of February, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
Paul D. Esco, Attorney for Debtor
Curtis C. Reding, Chapter 13 Trustee
All Creditors